|  |  |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>        Plaintiff,<br><br>  v.<br><br>AMANDEEP JOHAL, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00154-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>**30-DAY DEADLINE** |

Plaintiff Lamar Paschall is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff filed his complaint and submitted an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner on February 2, 2024. (Docs. 1, 2.)

In his IFP application, Plaintiff states he is unable to pay the filing fee, is employed and earning 15 cents an hour, does not receive any money from a business, profession or self-employment, rent payments, interest or dividends, pensions, annuities or life insurance payments, disability or workers' compensation payments, gifts or inheritance, or from "[a]ny other sources." (Doc. 2 at 1-2.) Plaintiff also denies having any cash or owning any real estate, stocks, bonds, security or other financial instruments, automobiles or other valuable property. (*Id.*) He also denies having "any other assets." (*Id.*) Plaintiff's IFP application includes a copy of his Inmate

Statement Report. (*Id*. at 3-5.)

## II. DISCUSSION

A review of Plaintiff' IFP application and his Inmate Statement Report reveals discrepancies. Plaintiff states he does not receive any gifts or any money from "[a]ny other sources." However, the Inmate Statement Report for the period between July 24, 2023, and January 24, 2024, lists several "JPAY" entries with deposits totaling $1,180. These sums received by Plaintiff via JPAY should be disclosed and explained. *See, e.g.*, *Hill v. Lynch*. No. 2:22-cv-0686 AC P, 2023 WL 4187802, at *1-2 (E.D. Cal. June 26, 2023) (plaintiff's trust account statement claiming to have "received no money from any source over the past twelve months was not accurate" where the statement shows "he received hundreds of dollars in deposits to his trust account" via JPAY); *Sloan v. Cisneros*, No. 1:21-cv-0477-EPG (PC), 2021 WL 5240280, at *1 (E.D. Cal. Oct. 7, 2021) ("The Court also notes that Plaintiff was not forthcoming on his application to proceed in forma pauperis. … he conspicuously failed to state whether he received income from '[a]ny other source' in the last twelve months. Based on Plaintiff's trust account statement, in the last six months alone Plaintiff received an economic impact payment as well as funds through JPAY on four separate occasions, with the average deposit from JPAY being $200"). Plaintiff will be required to explain the nine JPAY entries averaging over $130 each, deposited into his account within the previous six months.

Plaintiff is advised this Court may take into consideration purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"). The Court notes Plaintiff made six purchases within the previous six months totaling $1,433.45. Plaintiff will be directed to provide further information concerning the six "SALES" entries reflected on his Inmate Statement Report for the period between July 24, 2023, and January 24,

2024.

In sum, Plaintiff's IFP application and Inmate Statement Report do not establish he is entitled to IFP status. Plaintiff must explain why the JPAY deposits during the relevant period were not disclosed on his IFP application and why the Court should find he is unable to pay the required filing fee. Plaintiff must also provide additional information concerning the SALES entries during the same period for the Court's consideration of his economic choices.

### III.     CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff **SHALL** show cause in writing, **within 30 days** of the date of service of this order, why his IFP application should not be denied. Specifically, Plaintiff **SHALL** (1) explain the nine JPAY entries appearing on his Inmate Statement Report, and (2) provide additional information concerning the six SALES entries appearing on his Inmate Statement Report; **or**

2. In the alternative, Plaintiff may pay the required $405 filing fee.

**Plaintiff is advised that a failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **February 5, 2024**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE