UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>    Plaintiff,<br><br>  v.<br><br>AMANDEEP JOHAL, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-00154-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Lamar Paschall is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff filed his complaint on February 2, 2024, and submitted an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner. (Docs. 1, 2.)  Plaintiff stated he is unable to pay the filing fee, is employed and earning 15 cents an hour, does not receive any money from a business, profession or self-employment, rent payments, interest or dividends, pensions, annuities or life insurance payments, disability or workers' compensation payments, gifts or inheritance, or from "[a]ny other sources." (Doc. 2 at 1-2.) Plaintiff also denied having any cash or owning any real estate, stocks, bonds, security or other financial instruments, automobiles or other valuable property. (*Id.*) He also denied having "any other assets." (*Id.*) Plaintiff's IFP application included a copy of his Inmate Statement Report. (*Id.* at 3-5.)

On February 5, 2024, the Court issued its Order to Show Cause ("OSC") in Writing Why Application to Proceed In Forma Pauperis Should Not Be Denied. (Doc. 4.) Plaintiff was directed to explain the nine JPAY entries appearing on his Inmate Statement Report, and to provide additional information concerning the six SALES entries appearing on his Inmate Statement Report, within 30 days of the date of service of the order. (*Id*. at 3.) Alternatively, Plaintiff could pay the $405 filing fee. (*Id*.)

On March 11, 2024, Plaintiff filed a second IFP Application. (Doc. 6.)

**II.     DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). *See also Ricks v. Warden*, No. 1:22-cv-00133-SKO (PC), 2022 WL 1471045, at *& (E.D. Cal. May 10, 2022) (recommending dismissal of action for plaintiff's failure to respond to OSC to submit IFP application or to pay filing fee).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

2

Here, Plaintiff has failed to respond to the Court's OSC. He did not explain the nine JPAY entries or the six SALES entries appearing on his Inmate Statement Report.[1] Nor did Plaintiff pay the required filing fee of $405. Simply put, Plaintiff ignored the Court's order to provide an explanation to determine whether he was entitled to proceed IFP or whether he should pay the filing fee. Instead, he filed a second IFP application. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

Next, while the risk of prejudice to defendants is a lesser factor here because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to respond in writing to the OSC providing the requested explanations, or to pay the required filing fee, within 30 days of the date of service of the OSC amounts to an unreasonable delay in prosecuting this action.  Plaintiff's failure to provide an explanation makes determining whether to grant or deny IFP status impossible. Therefore, the Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff has failed to move this case forward and is impeding its progress by failing to explain the JPAY and SALES entries in his Inmate Statement Report, or to pay the required filing fee. As a result, the Court cannot decide IFP status, and no filing fee has been paid.

---

[1] As noted in the OSC, according to the Inmate Statement Report for the period between July 24, 2023, and January 24, 2024, the JPAY entries totaled $1,180 and the SALES entries totaled $1,433.45. (Doc. 4 at 2.) Those sums indicate Plaintiff had the means, within the six months preceding the filing of this action, to pay the required filing fee and did not appear to be entitled to IFP status.

Thus, the Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, in the OSC issued on February 5, 2024, Plaintiff was expressly warned: "<u>Plaintiff is advised that failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders.</u>" (*See* Doc. 4 at 3.). Additionally, Plaintiff was previously warned that a failure to obey courts may result in dismissal of the case. (*See* Doc. 3 at 1 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, more than 30 days have passed following the Court's OSC directing Plaintiff to explain certain entries on his Inmate Statement Report, or to pay the $405 filing fee. It is Plaintiff's responsibility to comply with the Court's orders. It appears Plaintiff has intentionally refused to comply with the Court's OSC because he ignored its clear directive and simply filed a second IFP application; he did not provide an explanation for the entries identified in the OSC or, alternatively, pay the required filing fee.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The

4

document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 12, 2024**                          */s/ Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

5