UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>                Plaintiff,<br><br>        v.<br><br>AMANDEEP JOHAL, et al.,<br><br>                Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER REGARDING PLAINTIFF'S CORRESPONDENCE FILED MARCH 21, 2024** (Doc. 10)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** (Docs. 2 & 6)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS** (Doc. 8) |

Plaintiff Lamar Paschall is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff filed his complaint on February 2, 2024. (Doc. 1.) On that same date, Plaintiff submitted an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner. (Doc. 2.)

In his IFP application, Plaintiff declared he is unable to pay the filing fee, is employed and earning 15 cents an hour, does not receive any money from a business, profession or self-employment, rent payments, interest or dividends, pensions, annuities or life insurance payments, disability or workers' compensation payments, gifts or inheritance, or from "[a]ny other sources."

1  (Doc. 2 at 1-2.) Plaintiff also denied having any cash or owning any real estate, stocks, bonds, security or other financial instruments, automobiles or other valuable property. (*Id.*) He also denied having "any other assets." (*Id.*) Plaintiff's IFP application included a copy of his Inmate Statement Report. (*Id*. at 3-5.)

On February 5, 2024, the Court issued its Order to Show Cause ("OSC") in Writing Why Application to Proceed In Forma Pauperis Should Not Be Denied. (Doc. 4.) Plaintiff was directed to explain the nine JPAY entries appearing on his Inmate Statement Report, and to provide additional information concerning the six SALES entries appearing on his Inmate Statement Report, within 30 days of the date of service of the order. (*Id*. at 3.) Alternatively, Plaintiff could pay the $405 filing fee. (*Id*.) On March 11, 2024, Plaintiff filed a second IFP Application. (Doc. 6.)

On March 12, 2024, the undersigned issued Findings and Recommendations to dismiss this action. (Doc. 8.) Dismissal was recommended for Plaintiff's failure to respond to the OSC by providing additional information concerning the JPAY and SALES entries appearing on his Inmate Statement Report. (*Id*. at 2-4.) Plaintiff was provided fourteen days within which to file any objections. (*Id*. at 4-5.)

On March 21, 2024, Plaintiff filed his objections. (Doc. 9.) That same date, Plaintiff sent correspondence directed to the Clerk of the Court enclosing a "1st Amended Petition" and a "Corrected [A]pplication To Proceed In Forma Pauperis." (Doc. 10.)

**II.    DISCUSSION**

*Plaintiff's Correspondence of March 21, 2024*

Plaintiff states he enclosed an "Amended Petition" and a corrected IFP application with his March 21, 2024 filing. (Doc. 10 at 2-9.) However, the filing does not include an IFP application. The enclosure is instead a supplement to Plaintiff's original complaint, providing additional facts for Plaintiff's claims in this action.

Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff to file an amended pleading as a matter of course within 21 days of service of the original pleading or prior to service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Here, because Plaintiff's original complaint has

2

not yet been screened as required by 28 U.S.C. § 1915A(a) and no defendant has been directed to file a responsive pleading, Plaintiff is entitled to file an amended complaint to include the additional factual allegations he states are "vital to [his initial] filing." (Doc. 10 at 1.) Plaintiff is advised he may not supplement his complaint with a separate filing. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (any amended complaint must be "complete in itself without reference to the prior or superseded pleading"); *see also* Local Rule 220. Plaintiff will be granted 21 days within which to submit a first amended complaint that is complete in and of itself and without reference to his purported supplement.

Regarding Plaintiff's application to proceed IFP, the Court has reviewed Plaintiff's objections which include an explanation concerning the JPAY transactions related to his original IFP application of February 2, 2024 and the Court's OSC. (Doc. 9.) The Court has also reviewed the IFP application submitted March 11, 2024. (Doc. 6.) Plaintiff explains that his mother sends monetary gifts when she can afford to do so (regarding the JPAY deposits on the Inmate Statement Report) and infers he uses those gifted funds to makes purchases. While Plaintiff does not provide any specific explanation for or information about the SALES transactions on his Inmate Statement Report, the Court notes the purchases correspond to the JPAY deposits at issue. (*See* Doc. 9 at 1-2.) The Court also notes the second IFP application reflects that Plaintiff has answered "Yes" to the question of whether he has received any "Gifts or inheritances" in the previous twelve months. (*See* Doc. 6 at 1-2.) Considering Plaintiff's explanation and correction to the inquiry regarding monetary sources, the Court will grant Plaintiff's application to proceed IFP and direct the Clerk of the Court to issue an order directing payment by the California Department of Corrections and Rehabilitation from Plaintiff's prison trust account.

### *The Findings and Recommendations Will Be Vacated*

Because Plaintiff has now substantially complied with this Court's OSC (Doc. 4) and has submitted an accurate IFP application, the Findings and Recommendations to dismiss this action for a failure to obey a court order will be vacated.

### III. CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

3

1. Plaintiff **SHALL** file a first amended complaint, complete in and of itself, **within 21 days** of the date of service of this order. The first amended complaint will be screened in due course;
2. The Clerk of the Court is DIRECTED to serve Plaintiff with a blank prisoner civil rights complaint form with this order;
3. Plaintiff's application to proceed IFP (Docs. 2 & 6) is **GRANTED**;
4. The Clerk of the Court is DIRECTED to issue an appropriate order to the California Department of Corrections and Rehabilitation regarding payment of the $350 filing fee for this action; and
5. The Findings and Recommendations issued March 12, 2024 (Doc. 8) are **VACATED**.

IT IS SO ORDERED.

Dated:   **March 29, 2024**              /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE