UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>        Plaintiff,<br><br>    v.<br><br>AMANDEEP JOHAL, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER GRANTING PLAINTIFF NINETY DAYS WITHIN WHICH TO IDENTIFY JANE DOE AND JOHN DOE** |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff filed a complaint on February 2, 2024. (Doc. 1.) Following screening, the Court found Plaintiff states cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Jane Doe and John Doe. (*See* Doc. 13.)

The Court now addresses the need to identify Jane Doe and John Doe against whom the Eighth Amendment claims will proceed.

**II.    DISCUSSION**

Defendants Jane Doe and John Doe are employed as registered nurses at the Sierra Conservation Center and are presently unknown to Plaintiff. Plaintiff alleges Jane Doe and John Doe purposefully failed to respond to his pain or possible medical need by ignoring his continued

1    complaints of pain and requests to see a physician in violation of the Eighth Amendment.

2          Plaintiff is advised that the United States Marshal cannot serve Doe defendants. Plaintiff
3    will be required to identify Jane Doe and John Doe with enough information to locate these
4    individuals for service of process. [1] Plaintiff will be given the "'opportunity through discovery to
5    identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir.
6    2013).

7          As previously noted, this action proceeds, in part, on Plaintiff's Eighth Amendment
8    deliberate indifference to serious medical needs claims against Defendants Jane Doe and John
9    Doe. Although Plaintiff has stated plausible claims against Jane Doe and John Doe, the Court will
10   not require service at this time. The Ninth Circuit has held that where identity is unknown prior to
11   the filing of a complaint, the plaintiff should be given an opportunity through discovery to
12   identify the unknown defendants unless it is clear that discovery would not uncover the identities,
13   or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d
14   1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here,
15   discovery may identify Jane Doe and/or John Doe. And there is nothing to indicate Plaintiff's
16   complaint would be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity
17   to discover the identities of Jane Doe and John Doe through limited discovery.

18         Rule 45 of the Federal Rules of Civil Procedure addresses subpoenas. Plaintiff is advised
19   the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff
20   is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.
21   Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a
22   subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008
23   WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the

---

[1] Plaintiff is advised it is his obligation to identify any Doe defendant named in this action. *See, e.g.*, *Johnson v. Spearman*, No. 2:19-cv-1093 JAM KJN P, 2020 WL 7405693, at *2, n.3 (E.D. Cal. Dec. 17, 2020) ("It is Plaintiff's obligation to timely identify individuals named as defendants in a civil rights complaint"); *Reyes v. Flores*, No. 1:16-cv-00586-DAD-JLT (PC), 2018 WL 3968245, at *10 (E.D. Cal. Aug. 16, 2019) ("It is Plaintiff's obligation to provide the information necessary to identify and locate a given defendant").

28

relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

Plaintiff may also elect to learn the identities of Jane Doe and John Doe by alternate means. For example, Plaintiff might use a CDCR Form 22 to learn the identities of Jane Doe and John Doe, the registered nurses working on February 5, 2021, to vaccinate inmates with the Moderna COVID-19 vaccine. Plaintiff can also request copies of his relevant medical records that may include the actual names of Jane Doe and John Doe. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [John Doe] individuals by accessing his classification records or using the CDCR Form 22").

Finally, the Court notes that if Plaintiff has learned the name or names of Jane Doe and/or John Doe since filing his complaint, and/or does not require a subpoena to obtain these individuals' identities, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for "Jane Doe" or "John Doe."

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the actual names of Jane Doe and John Doe, through subpoena or otherwise, and to substitute these defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the

3

actual names of Jane Doe and/or John Doe, the Court will recommend dismissal, without prejudice, of any such individual.

IT IS SO ORDERED.

Dated:   **May 13, 2025**                                    /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE