UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>            Plaintiff,<br><br>      v.<br><br>AMANDEEP JOHAL, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS JANE DOE AND JOHN DOE DEFENDANTS**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Jane Doe, and John Doe.

**I.      RELEVANT BACKGROUND**

On May 13, 2025, this Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Jane Doe and John Doe. (Doc. 15.) Plaintiff was directed to "substitute these defendants' actual names by filing a 'notice of substitution'" within 90 days. (*Id*. at 3.) More than 90 days have passed, but Plaintiff has failed to file a notice of substitution.

**II.     DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 90 days after the complaint is filed,

> the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations & citation omitted), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause...." *Walker*, 14 F.3d at 1422 (internal quotations & citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22. The ninety-day deadline under Rule 4(m) applies to service on Doe Defendants. *See Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F.Supp.3d 1147, 1158 (C.D. Cal. 2018); *Tabi v. Doe*, No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline).

Where a plaintiff has failed to effect service in accordance with Rule 4(m) and has failed to comply with the orders instructing him to identify the defendant, dismissal of a Doe defendant is warranted. *See Williby v. California*, 276 F. App'x 663, 665 (9th Cir. 2008) (holding district court's sua sponte dismissal of Doe defendants was merited where plaintiff had failed to identify defendants within allotted discovery period); *see also Flowers v. Toon*, No. 1:19-cv-01027-JLT-CDB (PC), 2023 WL 2347687, at *2 (E.D. Cal. Mar. 3, 2023) (holding plaintiff was afforded

2

"ample time and opportunity to identify, substitute, and serve the Doe defendants" and denying reconsideration of the dismissal of Does 1-3); *West v. Federal Bureau of Prisons*, No. 1:09-CV-01277-LJO-GBC (PC), 2012 WL 893779, at *4 (E.D. Cal. Mar. 15, 2012) (recommending dismissal of Defendant Doe 3 because plaintiff was afforded "sufficient opportunity to pursue discovery to identify Doe Defendants" but failed to do so within prescribed period), recommendation adopted, 2012 WL 1391938 (E.D. Cal. Apr. 20, 2012).

As the Court's May 13, 2025, order explained, the United States Marshal cannot serve Doe defendants, and it is Plaintiff's obligation to identify Jane Doe and John Doe so service can be affected. (*See* Doc. 15 at 1-2.) Plaintiff was also advised of the requirements for issuance of a subpoena duces tecum to obtain the Doe Defendants' identities, and potential alternative means for obtaining their identities. (*Id*. at 2-3.) Finally, Plaintiff was warned that "If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of Jane Doe and/or John Doe, the Court will recommend dismissal, without prejudice, of any such individual." (*Id.* at 3-4.)

Because Plaintiff has failed to identify the Doe Defendants and to request substitution, or to otherwise establish that service of Jane Doe and John Doe can be accomplished, dismissal of these Doe Defendants is warranted. *Walker*, 14 F.3d at 1421-22; *Williby*, 276 F. App'x at 665; *West*, 2012 WL 893779, at *4.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the Court **RECOMMENDS** that Jane Doe and John Doe be dismissed without prejudice for Plaintiff's failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to

the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 21, 2025**              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE