UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>             Plaintiff,<br><br>      v.<br><br>AMANDEEP JOHAL, et al.,<br><br>             Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT SINCLAIR OR ST. CLAIR SHOULD NOT BE DISMISSED FROM THIS ACTION FOR A FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On June 5, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 18.) The Court ordered the United States Marshal (USM) to serve Defendants "Law Fu, M.D.," "Smith, M.D.," and "Sinclair, M.D.," allegedly employed at the Sierra Conservation Center (SCC) in Jamestown. (*Id*. at 1-2.)

On June 9, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendants Fu and Smith. (Doc. 20 [sealed].) That same date, CDCR filed a notice of intent *not* to waive service as to Defendant Sinclair. (Doc. 21

[sealed].) CDCR indicated it was "Unable to Identify" the individual identified as "Sinclair, M.D." (*Id*.)[1]

On August 7, 2025, Defendants Fu and Smith filed an answer to the operative complaint. (Doc. 24.)[2]

On September 30, 2025, the USM filed a summons returned unexecuted, (Doc. 28), after attempting to serve "Dr. Jack St. Clair"[3] at "47 Santa Rosa Street, San Luis Obispo, CA 93405," on September 23, 2025. (*Id*. at 1.) The USM was advised by the "Front Desk Clerk … Buffie Wilson" at that location that "no employee or doctor" with that name was employed there. (*Id*. at 1-2.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the

---

[1] Because the CDCR did not waive service on behalf of this individual, the Clerk of the Court provided the USM with a copy of the first amended complaint and the summons for service of process. (*See* Doc. 18 at 3.)

[2] On September 15, 2025, the Court vacated its Findings and Recommendations to Dismiss Jane and John Doe Defendants and granted Plaintiff an additional 90 days within which to identify these Doe defendants. (*See* Doc. 27.) Plaintiff is to "discover the identities of the Doe defendants and to file a notice of substitution" no later than December 15, 2025.

[3] The USM learned the physician named in Plaintiff's operative complaint likely bears the surname "St. Clair" versus "Sinclair."

duties required of each of them . . ..” *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the USM has attempted to serve Jack St. Clair at an address associated with that individual without success. Plaintiff identified Defendant "Sinclair" as a physician employed at SCC in Jamestown, California, in March 2021. (*See* Doc. 12 at 3 & Doc. 18 at 2.) The CDCR advised it was unable to identify any individual by that name. Further, although the USM learned "Sinclair, M.D." was likely Jack St. Clair, M.D., the address at which the USM attempted service was not accurate and/or is no longer current. Dr. St. Clair could not be located at the address in San Luis Obispo.

Based on the foregoing, the Court finds Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of the summons and complaint on "Sinclair, M.D." or Dr. St. Clair. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the USM with the necessary information to locate this individual, Defendant "Sinclair" shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

In sum, it is Plaintiff's obligation to provide the USM with accurate and sufficient information to effect service of process. *Walker*, 14 F.3d at 1421-22; *see also, e.g.*, *Lear v. Navarro*, No. 1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) ("as the Marshal has already attempted to serve Defendant Plata with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata for service of process. To the extent Plaintiff requests that the Court order [CDCR] Defendants or defense counsel to provide such information directly to the Court, by order or by email, the Court declines to do so"); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to

provide the Court with updated contact information for the defendant; because plaintiff had "no other information that can be used to locate Defendant Nelson, and as the Marshal has already attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Nelson for service of process"). And it is not the USM's responsibility to locate Defendant Sinclair or St. Clair. *See, e.g., Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia*, 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (same).

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant "Sinclair" should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the USM in locating Defendant "Sinclair" or Dr. St. Clair for service of process.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant "Sinclair" should not be dismissed from this action. Plaintiff may do so by providing additional information concerning Defendant "Sinclair" or Dr. St. Clair's current location; and

2. **Plaintiff is advised the failure to respond to this order will result in a recommendation to dismiss any unidentified defendant from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

4

Dated: **November 5, 2025**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE