UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>    Plaintiff,<br><br>v.<br><br>AMANDEEP JOHAL, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER STRIKING LODGED SECOND AMENDED COMPLAINT**<br><br>(Doc. 30)<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO IDENTIFY DEFENDANT SINCLAIR**<br><br>(Doc. 31)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 29)<br><br>**ORDER SUBSTITUTING ACTUAL NAMES FOR JANE DOE AND JOHN DOE**<br><br>(Doc. 32) |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On April 16, 2025, the Court issued its First Screening Order. (Doc. 13.) It found Plaintiff's first amended complaint plausibly alleged Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Jane Doe and John Doe. However, the Court found Plaintiff failed to allege a cognizable Eighth Amendment claim against Defendant Johal. (*Id.* at 4-11.) Plaintiff was directed to do one of the following within 21 days: (1) notify the Court in writing that he did not wish to file a second amended complaint, and was willing to proceed only on the Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Jane Doe and John Doe; the remaining claims against any defendant to be dismissed; or (2) file a second amended complaint curing the deficiencies identified by the Court in this order; or (3) in the alternative, file a notice of

voluntary dismissal. (*Id*. at 11-12.)

On May 12, 2025, Plaintiff filed a document titled "First Screening Order Reply," docketed as a notice to proceed on cognizable claims. (Doc. 14.)

On May 13, 2025, the Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Jane Doe and John Doe[1] (*see* Doc. 15) and its Findings and Recommendations to Proceed on Certain Claims and to Dismiss Certain Defendant from this Action Following Screening (*see* Doc. 16).

On June 4, 2025, District Judge Jennifer L. Thurston issued her Order Adopting Findings and Recommendations and Dismissing Defendant Armandeep Johal from this Action.[2] (Doc. 17.)

On June 5, 2025, the undersigned issued an Order Finding Service Appropriate, directing service on "Law Fu, M.D.," "Smith, M.D.," and "Sinclair, M.D.," and noting that service "cannot be effected on Doe defendants." (Doc. 18.) Ultimately, Defendants Fu and Smith waived service (Doc. 20) and filed an answer to the operative complaint (*see* Doc. 24); meanwhile, the California Department of Corrections and Rehabilitation (CDCR) indicated service could not be waived on behalf of Defendant Sinclair (Doc. 21).

On August 22, 2025, when more than 90 days passed and Plaintiff failed to file a notice of substitution or to otherwise contact the Court, the Court issued Findings and Recommendations to Dismiss Doe Defendants. (Doc. 25.) Plaintiff was to file any objections within 14 days. (*Id*. at 3-4.) On September 10, 2025, Plaintiff filed objections stating he believed he had complied with the Court's order. (Doc. 26.)

On September 15, 2025, the undersigned issued her Order Vacating Findings and Recommendations to Dismiss Jane Doe and John Doe as Defendants and Order Granting Extension of Time Within Which to Identify Jane Doe and John Doe. (Doc. 27.) Plaintiff was

---

[1] Plaintiff was directed to "substitute these defendants' actual names by filing a 'notice of substitution'" within 90 days. (Doc. 15 at 3.)

[2] Specifically, Judge Thurston's order provides this action proceeds on Plaintiff's deliberate indifference claims against Defendants Fu, Smith, Sinclair, Jane Doe, and John Doe, and dismissed Defendant Johal and any remaining claims from the action. (Doc. 17 at 2.)

2

granted an additional 90 days "to discover the identifies of the Doe defendants and to file a notice of substitution." (*Id*. at 3.)

On September 30, 2025, the United States Marshals Service (USM) filed a USM-285 form indicating service could not be effected on Defendant Sinclair or St. Clair. (Doc. 28.)

On November 5, 2025, the undersigned issue an Order to Show Cause (OSC) Why Defendant Sinclair or St. Clair Should Not Be Dismissed from this Action for a Failure to Provide Sufficient Information to Effectuate Service. (Doc. 29.) Plaintiff was directed to "show cause why Defendant 'Sinclair' should not be dismissed from the action" and was advised that he "may do so by providing additional information concerning Defendant 'Sinclair' or Dr. St. Clair's current location." (*Id*. at 4.) Plaintiff was warned that a failure to respond to the OSC "will result in a recommendation to dismiss any unidentified defendant from this action …." (*Id*.)

On December 11, 2025, Plaintiff's second amended complaint was lodged (not filed) with the Court. (*See* Doc. 30.)

On December 22, 2025, Plaintiff filed "Plaintiff's Motion for Extension of Time to Identify Defendant" (Doc. 31) and a "Notice of Substitution of John Doe and Jane Doe Defendants" (Doc. 32).

**II.     DISCUSSION**

*The Lodged Second Amended Complaint Will Be Stricken*

Plaintiff's second amended complaint was lodged with the Court on December 11, 2025. (Doc. 30.) Because the lodged second amended complaint improperly seeks to assert a claim against an individual dismissed from this action more than six months ago and because Plaintiff did not have leave to file a second amended complaint it will be stricken.

As previously noted, this action proceeds only on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Jane Doe and John Doe. (*See* Doc. 17.) Plaintiff's claim against Amandeep Johal — who is identified as a defendant in the lodged second amended complaint — was dismissed by Judge Thurston on June 4, 2025. (*Id*. at 2.) Plaintiff may not now assert a claim against Amandeep Johal because that individual has been dismissed from this action.

3

Significantly too, Plaintiff did not seek leave to file a second amended complaint. Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

**(a) Amendments Before Trial.**

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, because Defendants Fu and Smith have filed an answer to Plaintiff's first amended complaint (*see* Doc. 24), Plaintiff was required to obtain their written consent or the Court's leave to file a second amended complaint. He did not do so. Nor does justice require the Court to permit a second amended complaint. The Court issued specific orders concerning the Doe defendants — it directed Plaintiff to file a notice of substitution once he obtained the actual names of the individuals identified as Jane Doe and John Doe. The Court did not order Plaintiff to file a second amended complaint substituting those individuals' actual names. And because Plaintiff has since filed a notice of substitution (*see* discussion below), the Court will accept the notice and order that the individuals' action names be substituted for Jane Doe and John Doe as concern the claims asserted in the operative first amended complaint.

In sum, the Court will strike the lodged second amended complaint. It improperly asserts a claim against a previously dismissed individual and is unnecessary.

### *The Court Will Grant Plaintiff's Request for an Extension of Time and Discharge the Order to Show Cause*

Plaintiff seeks an extension of 90 days within which to identify Defendant Sinclair or St. Clair. Briefly stated, Plaintiff has sought the assistance of a fellow inmate Kevin R. Schrubb to obtain the information required by the Court's November 5, 2025, order. Inmate Schrubb has

4

drafted correspondence directed to the Sierra Conservation Center (SCC) "seeking a roster of medical staff working at SCC from the period encompassing the period where a defendant with a similar sounding name may have been employed." Assuming the information is received, it will be reviewed "to ascertain the correct defendant." Plaintiff contends "the current deadline does not allow Plaintiff adequate time to locate identifying information relating to Defendant Sinclair or St. Clair" and he is "working diligently to seek the assistance of the SCC Administration to locate the correct Defendant," and anticipates 90 days are necessary.

Plaintiff's request for an extension of time will be granted and the related OSC will be discharged. Nevertheless, the Court makes the following observations concerning Defendant Sinclair or St. Clair.

As noted above, the CDCR did not waive service on behalf of Defendant Sinclair. As explained in the OSC issued November 5, 2025, CDCR was unable to identify a "Sinclair, M.D." who worked at the SCC; the USM then attempted unsuccessfully to serve a physician who appeared to have overlapping work history with the individual named in the operative complaint and who "bears the surname 'St. Clair' versus 'Sinclair.'" (Doc. 29 at 2 & fn. 3.) Specifically, despite having identified a possible address for Jack St. Clair in San Luis Obispo, the USM was advised that "'no employee or doctor' with that name was employed there." (*Id.*) As the Court previously advised, it is Plaintiff's "obligation to provide the USM with accurate and sufficient information" to serve Sinclair and/or St. Clair. (*Id.*) Thus, in the event the SCC does not provide the identity or location of "the correct Defendant" as Plaintiff anticipates, Plaintiff remains obligated to obtain and provide additional information concerning this individual. If, after 90 days, Plaintiff is unable to provide accurate and sufficient information allowing for the USM to serve the individual named as Defendant Sinclair in Plaintiff's first amended complaint, the undersigned will recommend Defendant Sinclair be dismissed, without prejudice, for Plaintiff's failure to effect service of process. *See* Fed. R. Civ. P. 4.

### *Ludovic Feze and S. Prasad Will Be Substituted for Jane Doe and John Doe*

Plaintiff's asks the Court to substitute Ludovic Feze, a licensed vocational nurse, for Defendant Jane Doe, and S. Prasad, a registered nurse, for Defendant John Doe.

5

Following review, Ludovic Feze and S. Prasad appear to be the actual names of the individuals referred to as Jane Doe and John Doe in Plaintiff's first amended complaint, and specifically, in the allegations concerning the COVID-19 injection by Prasad and the subsequent action by Feze after that injection. Those allegations form the bases for Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against them. Thus, the Court will direct the Clerk of the Court to substitute Ludovic Feze for Jane Doe and S. Prasad for John Doe on the docket for this action and will order Feze and Prasad be substituted for the Doe defendants in Plaintiff's operative first amended complaint. Further, by separate order, the Court will direct the USM to serve Feze and Prasad with Plaintiff's first amended complaint.

### III.     CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS** as follows:

1. The lodged second amended complaint (Doc. 30) is **STRICKEN**;
2. Plaintiff's request for an extension of time within which to provide additional information concerning Defendant Sinclair or St. Clair (Doc. 9) is **GRANTED**. Plaintiff shall have an additional **90 days from the date of service of this order** to provide the information required in the Court's November 5, 2025, order;
3. The OSC issued November 5, 2025 (Doc. 29) is **DISCHARGED**;
4. The Clerk of the Court is **DIRECTED** to substitute the actual names of the following individuals for the Doe defendants on the docket for this action:
    a. Ludovic Feze for Jane Doe, and
    b. S. Prasad for John Doe;
5. Ludovic Feze and S. Prasad are **SUBSTITUTED** for Jane Doe and John Doe, respectively, in Plaintiff's operative first amended complaint; and
6. The Court will issue a separate order for service on Defendants Feze and Prasad.

IT IS SO ORDERED.

Dated:     **December 23, 2025**              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE