UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>        Plaintiff,<br><br>        v.<br><br>AMANDEEP JOHAL, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT FEZE SHOULD NOT BE DISMISSED FROM THIS ACTION FOR A FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Feze and Prasad. (*See* Docs. 18, 24 & 33.)

**I.     RELEVANT BACKGROUND**

On June 4, 2025, District Judge Jennifer L. Thurston issued her Order Adopting Findings and Recommendations and Dismissing Defendant Amandeep Johal from This Action. (Doc. 17.) Judge Thurston ordered this action proceed "on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Jane Doe, and John Doe." (*Id*. at 2.)

On December 23, 2025, the undersigned issued an Order Substituting Actual Names for Jane Doe and John Doe. (*See* Doc. 33.) Ludovic Feze and S. Prasad were substituted for the Doe defendants. (*Id*. at 5-6.)

On January 13, 2026, the Court issued its Order Finding Service Appropriate as to Newly Identified Defendants. (Doc. 37.) The Court ordered that service be affected on "**Ludovic Feze,** allegedly employed as a licensed vocational nurse at the Sierra Conservation Center (SCC) in Jamestown, California, in February and/or March 2021." (*Id*. at 1, emphasis in original.)

On January 16, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed their notice of intent *not* to waive service concerning Defendant Feze. (Doc. 40 [sealed].) Accordingly, service documents were forwarded to the United States Marshal (USM) regarding Defendant Feze.  On January 20, 2026, USM filed its USM-285 form indicating service of Defendant Feze could not be affected. (*See* Doc. 41.)

**II.     DISCUSSION**

As noted above, CDCR did not waive service of process on behalf of Defendant Feze. Instead, CDCR indicated that it was "Unable to identify" Defendant Ludovic Feze. And, when the USM undertook service of process efforts, it noted: "CDCR unable to identify." (Doc. 41.) Further, the USM's "[o]pen source search found no matches for Ludovic Feze in CA. Search of the [Department of Consumer Affairs] resulted in no search results. More info is needed." (*Id*.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the USM, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed

2

for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . ..” *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). “So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'” *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the USM was unable to identify and/or locate Defendant Feze. Plaintiff identified this individual as a “Licensed Vocational Nurse” employed at SCC during the period giving rise to his claims. (*See* Doc. 32 [notice of substitution].) However, the CDCR advised it was unable to identify a Ludovic Feze employed with CDCR, and the USM was similarly unable to locate and identify Defendant Feze employing other resources. The Court finds Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of the summons and operative complaint on Defendant Feze. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the USM with the necessary information to identify and locate this individual, Defendant Feze shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

It is Plaintiff's obligation to provide the USM with accurate and sufficient information to affect service of process. *Walker*, 14 F.3d at 1421-22; *see also, e.g.*, *Lear v. Navarro*, No. 1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) (“as the Marshal has already attempted to serve Defendant Plata with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata for service of process. To the extent Plaintiff requests that the Court order [CDCR] Defendants or defense counsel to provide such information directly to the Court, by order or by email, the Court declines to do so”); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to provide the Court with updated contact information for the defendant; because plaintiff had “no other information

3

that can be used to locate Defendant Nelson, and as the Marshal has already attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Nelson for service of process"). And it is not the USM's responsibility to identify and locate Defendant Feze. *See, e.g., Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia*, 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (same).

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Feze should not be dismissed from the action. Plaintiff may respond to this order by providing additional information that will assist the USM in identifying and locating Defendant Feze for service of process. For example, Plaintiff can provide a physical description of Defendant Feze that includes that individual's gender, approximate age, height and weight, and any other helpful identifying information. Plaintiff can also provide a copy of any document referencing "Ludovic Feze" or Feze as a medical care provider at SCC during the period his claims arose, if available.[1]

**III.   CONCLUSION AND ORDER**

Based on the foregoing, the Court **HEREBY ORDERS** that:

---

[1] Plaintiff was previously granted permission to conduct limited discovery to identify the Doe defendants named in his complaint. In his Notice of Substitution of John Doe and Jane Doe Defendants filed December 22, 2025, Plaintiff stated that in "the latter part of October to the earlier part of November, 2025, [he] was successful in obtaining the identities of John Doe and Jane Doe Defendants." (Doc. 32 at 2.) Although it is not clear how Plaintiff determined the identities, it is possible Plaintiff possesses additional information or documentation that would assist the USM in serving Defendant Feze with a summons and complaint.

4

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Feze should not be dismissed from this action. Plaintiff may do so by providing additional information concerning the identity and location of Defendant Feze; and

2. **Plaintiff is advised the failure to respond to this order will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated: __**January 22, 2026**__                          ___/s/ *Sheila K. Oberto*_____
                                                                    UNITED STATES MAGISTRATE JUDGE