UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>                  Plaintiff,<br><br>        v.<br><br>AMANDEEP JOHAL, et al.,<br><br>                  Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER GRANTING DEFENDANTS'<br>UNOPPOSED MOTION FOR LEAVE TO<br>FILE AN AMENDED ANSWER**<br><br>(Doc. 36) |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Feze and Prasad.

## I.     INTRODUCTION

On August 7, 2025, Defendants Fu and Smith filed an answer to the complaint. (Doc. 24.) On January 12, 2026, Defendants Fu and Smith filed a motion seeking leave to amend their answer. (Doc. 36.) Plaintiff did not file an opposition. *See* Local Rule 230(*l*).

## II.     DISCUSSION

Defendants seek leave to amend their answer to add an affirmative defense based on the Public Readiness and Emergency Preparedness Act, or PREP Act. (Doc. 36 at 3.) They contend their motion is made in good faith, will not cause undue delay or prejudice to Plaintiff, and is not

futile. (*Id*. at 6-8.) Specifically, they contend the PREP Act is applicable because it immunizes covered persons from section 1983 actions, even if the claims are federal constitutional claims. (*Id*. at 7.) Because Plaintiff seeks to hold Defendants liable for actions related to the COVID-19 vaccine, Defendants contend the PREP Act defense is justified. (*Id*.)

Defendants also contend: (1) the requested amendment will not cause undue delay because discovery has not yet commenced and Plaintiff has not yet served all named Defendants; (2) Plaintiff would not suffer prejudice because discovery has not yet commenced and adding a single affirmative defense poses no prejudice at this early stage of the proceedings; and (3) the requested amendment is not futile because the PREP Act would immunize Defendants "and is well-supported by Ninth Circuit case law." (*Id*. at 8.) Defendants' motion is supported by the Declaration of Evan Medina and includes a proposed first amended answer. (Doc. 36-1 at 4-8.)

### *Applicable Legal Standards*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a pleading is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id*.

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is

2

futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

When evaluating a motion to amend, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### *Analysis*

Defendants have not previously amended their answer and the first *Foman* factor weighs in their favor.

When evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would...produce an undue delay in the litigation." *Jackson*. at 1387. Defendants' answer was filed about five months prior to their motion. Although in certain circumstances a five-month delay might weigh in favor of denying the motion, here, Defendants Sinclair and Feze have not yet been served. (*See* Docs. 21, 28, 40, 42.) Defendant Prasad filed a waiver of service on February 9, 2026, making a responsive pleading due on or before March 17, 2026. (*See* Doc. 43.) Simply put, permitting Defendants Fu and Smith to file an amended answer will not produce an undue delay in this litigation. *Jackson*, 902 F.2d at 1387; *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973) (by itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings). Thus, the second *Foman* factor weighs in favor of permitting amendment.

Regarding bad faith, the proposed PREP Act affirmative defense is not baseless. Title 42 of the United States Code section 247d-6d offers targeted liability protections for pandemic and epidemic products and security measures. It provides: "Subject to the other provisions of this

3

section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. § 247d(a)(1). And a "loss" for purposes of the statute includes "physical, mental, or emotional injury, illness, disability, or condition." 42 U.S.C. § 247d(2)(A)(ii). Its scope of immunity "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including … distribution … dispensing, prescribing, administration, … or use of such countermeasure." 42 U.S.C. 247d(2)(B). In *Maney v. Brown*, 91 F.4th 1296 (9th Cir. 2024), the Ninth Circuit held that the PREP Act foreclosed section 1983 litigation asserting an Eighth Amendment claim that state officials' decision to assign inmates a lower priority for COVID-19 vaccination than that assigned to correctional officers in an Oregon inmates' class action. It concluded "that Congress intended to expressly immunize covered persons from § 1983 action for claims covered by the Act, even if those claims are federal constitutional claims." *Id*. at 1303. Therefore, the third *Foman* factor weighs in favor of granting Defendants leave to amend their answer because asserting the PREP Act affirmative defense is not baseless and thus does not amount to bad faith. For those same reasons, Defendants' proposed amendment is not futile. Therefore, the fourth *Foman* factor also weighs in Defendants' favor.

Finally, the Court finds Plaintiff would not be prejudiced by the proposed amendment. Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, the addition of one affirmative defense where three named Defendants have not yet appeared in the action and where Plaintiff has not opposed Defendants' motion, will not substantially prejudice Plaintiff. Therefore, the most critical fifth factor in this Court's determination also weighs in Defendants' favor. *Eminence Capital*, 316 F.3d at 1052.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Defendants' motion for leave to file an amended answer (Doc. 36) is **GRANTED**;

4

2.  Defendants **SHALL** file their amended answer **no later than 21 days** from the date of this order.

IT IS SO ORDERED.

Dated: __**February 10, 2026**__                        ___/s/ _Sheila K. Oberto___

UNITED STATES MAGISTRATE JUDGE