UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMAR PASCHALL,

              Plaintiff,

     v.

AMANDEEP JOHAL, et al.,

              Defendants.

Case No.: 1:24-cv-00154-JLT-SKO

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

(Doc. 42)

**ORDER DIRECTING DEFENDANTS TO INQUIRE AS TO THE IDENTITY AND LOCATION OF LUDOVIC FEZE AS REFERENCED IN PLAINTIFF'S MEDICAL RECORD AND/OR IN THE PHYSICAL DESCRIPTION PROVIDED AND TO FILE A STATUS REPORT WITHIN 14 DAYS**

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Feze and Prasad. (*See* Docs. 18, 24 & 33.)

## I.      RELEVANT BACKGROUND

On June 4, 2025, District Judge Jennifer L. Thurston issued an Order Adopting Findings and Recommendations and Dismissing Defendant Amandeep Johal from This Action. (Doc. 17.) Judge Thurston ordered this action proceed "on Plaintiff's Eighth Amendment deliberate

indifference to serious medical needs claims against Defendants Fu, Smith, Sinclair, Jane Doe, and John Doe." (*Id*. at 2.)

On December 23, 2025, the undersigned issued an Order Substituting Actual Names for Jane Doe and John Doe. (*See* Doc. 33.) Ludovic Feze and S. Prasad were substituted for the Doe defendants. (*Id*. at 5-6.)

On January 13, 2026, the Court issued an Order Finding Service Appropriate as to Newly Identified Defendants. (Doc. 37.) The Court ordered that service be affected on "**Ludovic Feze,** allegedly employed as a licensed vocational nurse at the Sierra Conservation Center (SCC) in Jamestown, California, in February and/or March 2021." (*Id*. at 1, emphasis in original.)

On January 16, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed a notice of intent *not* to waive service concerning Defendant Feze, indicating it was "[u]nable to identify" that individual. (Doc. 40 [sealed].) Service documents were forwarded to the United States Marshal (USM) concerning Defendant Feze.

On January 20, 2026, the USM filed its USM-285 form indicating service of Defendant Feze could not be effected despite "[o]pen source search" efforts and noting "[m]ore info is needed." (*See* Doc. 41.)

On January 21, 2026, the Court issued an Order to Show Cause (OSC) Why Defendant Feze Should Not be Dismissed From This Action for a Failure to Provide Sufficient Information to Effectuate Service. (Doc. 42.) Plaintiff was directed to respond to the OSC within 30 days. (*Id*. at 5.)  On March 2, 2026, Plaintiff filed his response to the OSC. (Doc. 47.)

II.     DISCUSSION

*Plaintiff's Response to the OSC*

Plaintiff states he previously "received a document entitled 'COVID-19 Pre-Vaccination Screen – Text,'" reflecting Plaintiff's CDCR number, a medical encounter occurring at SCC, "and listing the name Feze, Ludovic throughout." (Doc. 47 at 3.) Plaintiff states he is familiar with the document or form as it has been provided to him "on numerous occasions." (*Id.*) Plaintiff states that it appears from the document he was provided "that Ludovic Feze was at one time employed by CDCR at SCC in or about February 4, 2021. It also appears that this document is an

2

official legal document generated by CDCR provided to Plaintiff by an employee of CDCR in response to Plaintiff's request for identifying information." (*Id*. at 4.)

Plaintiff provides a physical description of Defendant Feze: "an immigrant possibly from the lower countries of Africa; a dark skinned male approximately 5 foot 5 inches tall with a stocky build weighing approximately 180-190 pounds. His hair color was black and eye color brown." (Doc. 47 at 4.)

Finally, Plaintiff asks the Court not to dismiss Defendant Feze from the action "until an investigation could be conducted as to whether this person was ever employed by CDCR" and asks the Court to "issue an order to CDCR to locate all information contained in its records relating to this individual, including but not limited to evidence of payments made to this person for services rendered or as an employee." (Doc. 47 at 4-5.) Plaintiff "requests that such information be relinquished to him in order to conduct a search for this individual." (*Id*. at 5.)

### *Plaintiff Has Complied With the OSC*

In the OSC, the Court directed Plaintiff to "show cause why Defendant Feze should not be dismissed from this action. Plaintiff may do so by providing additional information regarding the identity and location of Defendant Feze." (Doc. 42 at 5.) It stated, "[f]or example, Plaintiff can provide a physical description of Defendant Feze that includes that individual's gender, approximate age, height and weight, and any other helpful identifying information." (*Id*. at 4.) The order also included the following:

> Plaintiff was previously granted permission to conduct limited discovery to identify the Doe defendants named in his complaint. In his Notice of Substitution of John Doe and Jane Doe Defendants filed December 22, 2025, Plaintiff stated that in "the latter part of October to the earlier part of November, 2025, [he] was successful in obtaining the identities of John Doe and Jane Doe Defendants." (Doc. 32 at 2.) Although it is not clear how Plaintiff determined the identities, it is possible Plaintiff possesses additional information or documentation that would assist the USM in serving Defendant Feze with a summons and complaint.

(*Id*. at 4, n.1.) Plaintiff provided medical documentation indicating he was treated by Licensed Vocational Nurse Ludovic Feze on February 4, 2021, at SCC, and has provided a physical description of Feze. Thus, Plaintiff has complied with the OSC.

At this stage of the proceedings, and considering the information provided by Plaintiff, the Court will direct counsel for Defendants to contact the CDCR and/or the Litigation Coordinator at the Sierra Conservation Center to inquire further as to the identity and location of Ludovic Feze as referenced in Plaintiff's medical records. If Defendant Feze was not employed by CDCR, and/or is no longer employed by CDCR, counsel shall provide the name of Feze's employer and/or a last known address for Feze. The Court will direct Defendants to file a status report within 14 days explaining their efforts to identify and locate Defendant Feze and the outcome of those efforts. Upon receipt of the status report, the Court will issue a further order, as appropriate.

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1.   The OSC issued January 22, 2026 (Doc. 42) is **DISCHARGED**; and

2.   Counsel for Defendants **SHALL** contact the relevant authorities to identify and locate Defendant Ludovic Feze as referenced in Plaintiff's medical records and **SHALL** file a status report concerning those efforts **within 14 days** of the date of this order.

IT IS SO ORDERED.

Dated:   **March 9, 2026**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

4