UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>        Plaintiff,<br><br>   v.<br><br>AMANDEEP JOHAL, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO IDENTIFY AND LOCATE SINCLAIR**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME WITHIN WHICH TO RESPOND TO DEFENDANTS' AMENDED ANSWER**<br><br>(Doc. 50) |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.    INTRODUCTION

On March 18, 2026, Plaintiff filed "Plaintiff's Second Motion for Extension of Time." (Doc. 50.) He seeks an extension of time within which to locate an "unserved Defendants," an extension of time within which to "file a reply to Defendants Fu and Smith's First Amended Answer to Plaintiff's Complaint," and a "ruling on Plaintiff's Response to the Court's Order to Show Cause why Defendant Ludovic Feze Should not be Dismissed from this Action." (*Id*.)

## II.    DISCUSSION

At present, Plaintiff's deadline to identify Defendant Sinclair is March 23, 2026. The Court will extend that deadline ***one final time*** by another 90 days.

Regarding Plaintiff's reference to a "reply" to Defendants' first amended answer, the Court assumes Plaintiff is considering a motion to strike. Rule 12(f)(2) allows a party to file a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Because Defendants filed their amended answer on February 12, 2026, any motion was to be filed by March 5, 2026. Plaintiff's *unsigned*[1] request is dated March 13, 2026, but was filed on March 18, 2026. Accordingly, even assuming it had been signed, it is untimely. As Plaintiff was advised in the First Information Order in Prisoner/Civil Detainee Civil Rights Case issued February 2, 2024, "[r]equests for time extensions **must be filed before the deadline expires** and must state good reason for the request." (Doc. 3 at 5, emphasis added.) In sum, Plaintiff's request will be denied.

Finally, the Court notes Plaintiff's response to the previously issued "Order to Show Cause (OSC) Why Defendant Feze Should Not Be Dismissed From This Action for a Failure to Provide Sufficient Information to Effectuate Service" was filed on March 2, 2026. (Doc. 47.) The Court issued its order discharging the OSC on March 9, 2026. (Doc. 48.) Plaintiff is not required to do anything further at this stage and no extension of time is warranted. The Court will determine next steps concerning Defendant Feze following receipt of Defendants' status report due March 23, 2026.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff request for an extension of time regarding the identity of Defendant Sinclair is **GRANTED**;

2. **Plaintiff SHALL have one final 90-day extension of time, from the date of service of this order, to provide the information required in the Court's November 5, 2025, order**;

3. Plaintiff's request for an extension of time within which to "reply" to Defendants' amended answer is **DENIED**; and

---

[1] Plaintiff is reminded that all documents "submitted for filing must include the **original signature** of the filing party." (Doc. 3 at 2, emphasis in original.)

2

4.  No further action by Plaintiff is necessary concerning Defendant Feze. The Court will issue an appropriate order in due course concerning service of Defendant Feze.

IT IS SO ORDERED.

Dated:   **March 19, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE