UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>                 Plaintiff,<br><br>        v.<br><br>AMANDEEP JOHAL, et al.,<br><br>                 Defendants. | Case No.: 1:24-cv-00154-JLT-SKO<br><br>**ORDER FOLLOWING DEFENDANTS'<br>STATUS REPORT**<br><br>(Doc. 52)<br><br>**30-DAY DEADLINE** |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      BACKGROUND**

On March 9, 2026, the Court issued its "Order Directing Defendants to Inquire as to the Identity and Location of Ludovic Feze as Referenced in Plaintiff's Medical Record and/or in the Physical Description Provided and to File a Status Report Within 14 Days." (Doc. 48.) Defendants were to "contact the relevant authorities to identify and locate Defendant Ludovic Feze" and to "file a status report concerning those efforts …." (*Id*. at 4.)

On March 23, 2026, Defendant filed a status report. (Doc. 52.) Defendants contacted the litigation coordinators at the Sierra Conservation Center (SCC) and California Correctional Health Care Services (CCHCS), who reported having no record of employment for Ludovic Feze. (*Id*. at 1.) CCHCS indicated that "Feze could have worked for a non-network agency," explaining

the lack of employment records. (*Id*.) CCHCS did not have "records pertaining to which non-network agency could have worked at SCC." (*Id*.) Further, CCHCS's search through the Board of Vocational Nursing and Psychiatric Technicians produced no results, meaning it appears Feze is not licensed in California. (*Id.* at 1-2.) CCHCS explained that, during the relevant period, non-network providers were not limited to those located in California. (*Id*. at 2.) Next, Defendants indicated that "CDCR's headquarter litigation coordinator was also unable to identify the employer or last known address of Ludovic Feze" and that Defendants were also unable to do so. (*Id*.)

## II.   DISCUSSION

Defendants' status report indicates that despite efforts to locate Ludovic Feze, a licensed vocational nurse who provided medical care to Plaintiff in February 2021, that information is simply unavailable to Defendants. It appears Feze was a contract medical provider with an unidentified "non-network agency," and was not employed by the California Department of Corrections and Rehabilitation.

As previously indicated, "[i]t is Plaintiff's obligation to provide the USM with accurate and sufficient information to [e]ffect service of process." (*See* Doc. 42 at 3.) Neither the USM nor the Court are responsible for identifying or locating a defendant. (*Id*. at 3-4.) Here, the Court directed Defendants to seek additional information following Plaintiff's earlier efforts to do so. Defendants' efforts were unsuccessful. It remains Plaintiff's obligation to provide accurate information so that USM can serve Feze with a summons and complaint.

The Court will grant Plaintiff ***one final opportunity*** to obtain a current address for Feze. Otherwise, the Court will find that service cannot be effected and will recommend Feze's dismissal from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Alternatively, Plaintiff may file a notice with the Court indicating he wishes to voluntarily dismiss Feze from the action and to proceed against the remaining Defendants.[1]

---

[1] The action presently proceeds against Defendants Fu, Smith, Sinclair, Feze, and Prasad on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims.

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that Plaintiff **SHALL** provide the Court with a current address for Defendant Ludovic Feze **within 30 days** of the date of service of this order. Alternatively, within that same time, Plaintiff may file a notice indicating he wishes to voluntarily dismiss Defendant Ludovic Feze from this action.

**WARNING: Plaintiff is advised that a failure to comply with this Order may result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **March 25, 2026**                        /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE