UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMAR PASCHALL,

                Plaintiff,

      v.

AMANDEEP JOHAL, et al.,

                Defendants.

Case No.: 1:24-cv-00154-JLT-EGC (PC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT FEZE WITHOUT PREJUDICE PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**14-DAY OBJECTION PERIOD**

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.    RELEVANT BACKGROUND

On January 13, 2026, the Court issued its Order Finding Service Appropriate as to Newly Identified Defendants. (Doc. 37.) Specifically, it ordered the United States Marshal (USM) to serve Defendants Ludovic Feze and S. Prasad. (*Id*. at 1-2.)

On January 16, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendant Prasad but filed a notice of intent *not* to waive service as to Defendant Feze. (*See* Docs. 39 & 40[sealed].)

On January 20, 2026, the USM filed a summons returned unexecuted as to Defendant Feze. (Doc. 41.) The filing indicates CDCR was unable to identify Feze and that an open search and a Department of Consumer Affairs search for Ludovic Feze revealed no results. (*Id*.)

On January 22, 2026, the Court issued its Order to Show Cause (OSC) Why Defendant Feze Should Not Be Dismissed from this Action for a Failure to Provide Sufficient Information to Effectuate Service. (Doc. 42.) Specifically, Plaintiff was advised of his obligation pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to provide accurate and sufficient information to effectuate service of process and was provided 30 days within which respond to the OSC or to provide additional information concerning the identity and location of Defendant Feze. (*Id*. at 2-5.)

On March 2, 2026, Plaintiff filed a response to the OSC. (Doc. 47.)

On March 9, 2026, the Court issued its Order Discharging Order to Show Cause and Order Directing Defendants to Inquire as to the Identity and Location of Ludovic Feze as Referenced in Plaintiff's Medical Record and/or in the Physical Description Provided and to File a Status Report Within 14 Days. (Doc. 48.)

On March 23, 2026, Defendants filed a status report. (Doc. 52.) Briefly, Defendants reported Feze was not employed by CDCR, but likely with a "non-network agency" or provider, that a search of the Board of Vocational Nursing and Psychiatric Technicians revealed no results, and that CDCR's headquarters litigation coordinator was unable to identify Feze's employer or a last known address for Feze. (*Id*.)

On March 26, 2026, the Court issued its Order Following Defendants' Status Report. (Doc. 53.) Relevant here, Plaintiff was granted 30 days within which to obtain and provide a current address for Defendant Feze. (*Id*. at 2-3.)

More than 30 days have passed yet Plaintiff has failed to provide accurate and sufficient information to effect service of process on Defendant Feze.

## II.   DISCUSSION

The Federal Rules of Civil Procedure provide as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' ... as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by *Sandin*, 515 U.S. at 483-84). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of process of Defendant Feze or to otherwise respond to the Court's March 26, 2026, order. It does not appear that granting Plaintiff additional time within which to locate Defendant Feze would result in the submission of the requested information.

Because Plaintiff was previously advised that his failure to provide the necessary information would result in a dismissal for his failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (*see* Docs. 42 at 5 & 53 at 3), the undersigned finds that Defendant Feze should be dismissed from this action without prejudice. *Walker*, 14 F.3d at 1421-22.

**III.   CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons given above, the Court **RECOMMENDS** Defendant Feze be **DISMISSED** from the action without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written

objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE