UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR PASCHALL,<br><br>       Plaintiff,<br><br>    v.<br><br>AMANDEEP JOHAL, et al.,<br><br>       Defendants. | Case No.: 1:24-cv-00154-JLT-EGC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT SINCLAIR WITHOUT PREJUDICE PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br><u>14-Day Objection Period</u> |

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Prasad, Sinclair, and Smith.[1] (*See* Docs. 17 & 33.)

### I.    RELEVANT BACKGROUND RE DEFENDANT SINCLAIR

On June 9, 2025, the California Department of Corrections and Rehabilitation filed its notice of intent not to waive service for Defendant Sinclair. (Doc. 21.) Service documents concerning Sinclair were thus forwarded to the United States Marshal (USM) for personal service.

On September 30, 2025, the USM filed a summons returned unexecuted concerning Sinclair because service could not be effected. (Doc. 28.)

---

[1] Defendant Ludovic Feze was dismissed from the action on May 26, 2026. (Doc. 59.)

On November 5, 2025, the Court issued its Order to Show Cause (OSC) Why Defendant Sinclair or St. Clair Should Not Be Dismissed From This Action for a Failure to Provide Sufficient Information to Effectuate Service. (Doc. 29.) Plaintiff was directed to provide additional information concerning Defendant Sinclair's location within 30 days. (*Id*. at 4.)

On December 22, 2025, Plaintiff filed a motion for an extension of time to identify and locate Defendant Sinclair. (Doc. 31.)

On December 23, 2025, the Court granted Plaintiff's motion for extension of time and discharged the OSC. (Doc. 33.) Plaintiff was granted an additional 90-days within which to provide the information required regarding Defendant Sinclair. (*Id*. at 6.)

On March 18, 2026, Plaintiff filed a second request for an extension of time concerning the identity and location of Defendant Sinclair. (Doc. 50.) The following day, the Court issued an order granting Plaintiff one final 90-day extension of time within which to identify and locate Defendant Sinclair. (Doc. 51.)

Ninety days have elapsed, yet Plaintiff has failed to provide accurate and sufficient information to effect service of process on Defendant Sinclair.

**II.    DISCUSSION**

The Federal Rules of Civil Procedure provide as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' ... as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the

2

information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause ....'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by *Sandin*, 515 U.S. at 483-84). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of process of Defendant Sinclair or to otherwise respond to the Court's March 19, 2026, order. Plaintiff has been afforded adequate time — a total of more than seven months —to locate Defendant Sinclair but is clearly unable to do so.

Because Plaintiff was previously advised that his failure to provide the necessary information would result in a dismissal for his failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (*see* Doc. 29 at 4 & Doc. 33 at 5), the undersigned finds that Defendant Sinclair should be dismissed from this action without prejudice. *Walker*, 14 F.3d at 1421-22.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the Court **RECOMMENDS** Defendant Sinclair be **DISMISSED** from the action without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations

under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 17, 2026**                    _____
                                                UNITED STATES MAGISTRATE JUDGE