UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMAR PASCHALL,

Plaintiff,

v.

AMANDEEP JOHAL, et al.,

Defendants.

Case No.: 1:24-cv-00154-JLT-EGC (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

(Doc. 63)

Plaintiff Lamar Paschall is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Fu, Smith, and Prasad.[1]

## I. INTRODUCTION

Plaintiff filed a motion to appoint counsel. (Doc. 63.) He states he "is without funds to hire counsel and without funds to pay costs or for experts." Plaintiff argues the issues involved are complex and that he is a "layman in the law." He maintains he depended upon others to assist him in the prosecution of this action and that the "person presently assisting Plaintiff is scheduled

[1] Defendant Feze was dismissed on May 26, 2026 (Doc. 59) and Defendant Sinclair (or St. Clair) was dismissed on July 7, 2026 (Doc. 61). As to the latter, Plaintiff's motion for reconsideration of Sinclair's dismissal will be decided by the assigned district judge.

for release from incarceration in a matter of weeks." Plaintiff concludes that he seeks "counsel to assist him with the prosecution of this matter, including but not limited to, location of Defendant St. Clair, prepare for an evidentiary hearing, discovery and additional trial matters."

**II. DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Following screening, Defendants Fu and Smith filed an amended answer to Plaintiff's operative complaint. (Doc. 45.) And Defendant Prasad filed a motion to dismiss that remains pending resolution. (Doc. 49.) Further, discovery has not yet commenced. Therefore, it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Serrano v. Rudas*, No. 1:22-cv-00950-KES-CDB, 2024 WL 4190106, at *1 (E.D. Cal. Sept. 13, 2024) ("A merits-based determination largely is premature as discovery is ongoing in this action, particularly given Plaintiff's failure to argue he is likely to prevail on his claims"); *Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the

allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff is able to articulate his claims in light of their complexity. Eighth Amendment deliberate indifference to serious medical needs claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail*, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same).

Next, Plaintiff is advised that his indigency and incarceration do not qualify as exceptional circumstances warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). Nor does a lack of legal education warrant the appointment of counsel. *See, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May

20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

The fact that Plaintiff was assisted by others, including an inmate who will soon be released from custody, does not amount to an extraordinary circumstance warranting the appointment of counsel. *See, e.g.*, *Parker v. Johnson*, No. CV-17-02904-PHX-SPL (ESW), 2018 WL 2561067, at *2 (D. Ariz. June 4, 2018) (denying appointment of counsel where plaintiff alleged numerous similar obstacles, including that another inmate had been writing his pleadings for him and was no longer available); *Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ... as well as the matters now before the court").

To the extent Plaintiff maintains counsel is required for an "evidentiary hearing," no such hearing has been scheduled nor is one anticipated. Nevertheless, an evidentiary hearing does not present an exceptional circumstance warranting the appointment of counsel. *See, e.g.*, *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO-PC, 2015 WL 2409281, at *1 (E.D. Cal. May 19, 2015) ("this case does not present 'exceptional circumstances' supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing").

Additionally, the fact that an attorney may be better able to perform research, investigate, and represent Plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the

court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Lastly, to the extent Plaintiff asserts the need for expert testimony warrants the appointment of counsel, this too is not an exceptional circumstance. *Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Furthermore, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *See also Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *Wilborn*, 789 F.2d at 1331. Here, the undersigned concludes no exceptional circumstances exist warranting the appointment of counsel. Thus, Plaintiff's motion will be denied.

**III. CONCLUSION AND ORDER**

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel (Doc. 63) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE