UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMAR PASCHALL,

Plaintiff,

v.

AMANDEEP JOHAL, et al.,

Defendants.

No. 1:24-cv-00154-JLT-EGC (HC)

**ORDER DENYING MOTION FOR RECONSIDERATION**

(Doc. 62)

## I. INTRODUCTION

Lamar Paschall is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On July 7, 2026, the Court adopted the assigned magistrate judge's Findings and Recommendations and dismissed Defendant Sinclair without prejudice for a failure to provide information sufficient to effect service of process. (Docs. 60, 61.) Plaintiff now moves under Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure to vacate that order, to reinstate Sinclair as a defendant, and for a further 90-day extension of time. (Doc. 62.) For the reasons set forth below, the motion is **DENIED**.

## II. BACKGROUND

Plaintiff's operative complaint names, among others, a defendant identified as "Sinclair(e), M.D.," allegedly employed at the Sierra Conservation Center. (Doc. 12.) On April 16, 2025, the Court found Plaintiff stated a cognizable Eighth Amendment claim against that defendant. (Doc.

17.)

On June 9, 2025, the California Department of Corrections and Rehabilitation filed a notice of intent not to waive service for Defendant Sinclair. (Doc. 21.) On September 30, 2025, the United States Marshal filed a summons returned unexecuted after attempting service on a "Dr. Jack St. Clair" at an address in San Luis Obispo; the USM was informed no such person was employed there. (Doc. 28.)

On November 5, 2025, the Court issued an Order to Show Cause Why Defendant Sinclair or St. Clair Should Not Be Dismissed, directing Plaintiff to provide additional information concerning Defendant Sinclair's location within 30 days. (Doc. 29 at 4.) The Court granted Plaintiff a 90-day extension on December 23, 2025 (Doc. 33), and a second and final 90-day extension on March 19, 2026 (Doc. 51). Both orders advised Plaintiff that a failure to provide the necessary information would result in dismissal under Rule 4(m). (Doc. 29 at 4; Doc. 33 at 5.)

Plaintiff filed nothing further concerning this defendant. On June 17, 2026, the magistrate judge issued Findings and Recommendations that Sinclair be dismissed without prejudice. (Doc. 60.) No objections were filed, and this Court adopted the Findings and Recommendations on July 7, 2026. (Doc. 61.)

Plaintiff's present motion, executed July 13, 2026 and filed August 5, 2026, attaches eight exhibits documenting his efforts to locate the defendant. (Doc. 62.) Relevant here, Exhibit 5 is a May 11, 2026 response from California Correctional Health Care Services listing medical staff who provided services at SCC between January 1, 2021 and December 31, 2023. (*Id.*, Ex. 5.) That list includes "St Clair, Jack." (*Id.*) Exhibits 6 and 7 are letters Plaintiff sent on May 21, 2026 to CCHCS and to SCC's litigation coordinator asking whether Dr. St. Clair remained employed at SCC and, if not, asking that those offices provide his forwarding or last known address directly to the Clerk of Court. (*Id.*, Exs. 6, 7.)

## III. LEGAL STANDARD

Plaintiff invokes Rule 60(b), which affords relief from a final judgment or order. That rule affords relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). No judgment has been entered here. This action continues against the remaining defendants. Therefore, the July

7, 2026 order is interlocutory, and Rule 60(b) does not strictly apply. Nonetheless, Rule 54(b) allows a district court to revisit any order that "adjudicates fewer than all of the claims [at issue] ... at any time before the entry" of a final judgment. Fed. R. Civ. P. 54(b). Because Plaintiff is proceeding *pro se* and his filings are entitled to liberal construction, and because he expressly relies on Rule 60(b), the Court analyzes the motion under both frameworks. The outcome is the same under either.

Under Rule 54(b), an order that adjudicates fewer than all claims against fewer than all parties "may be revised at any time" before final judgment. Fed. R. Civ. P. 54(b). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation..." of that which was already considered by the Court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, the new facts or law set forth must be of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986) (affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987)). Further, Local Rule 230(j) requires Plaintiff seeking reconsideration of an order to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion..." Local Rule 230(j) (E.D. Cal.); *see Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Assuming Rule 60(b) applies, subsection (b)(1) permits relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Whether neglect is excusable is an equitable determination guided by the factors set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993): the danger of prejudice to the

non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. Subsection (b)(6) is a catchall permitting relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(1) or (6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Plaintiff's motion, executed roughly a week after he received the adoption order, satisfies that requirement, and the Court's analysis does not turn on timeliness.

## IV. DISCUSSION

### A. The July 7, 2026 Order Was Not Premature

Plaintiff's principal argument is that the July 7, 2026 order adopting the Findings and Recommendations was issued before his objection period expired because he did not personally receive the Findings and Recommendations until July 3, 2026. (Doc. 62 at 4.) The Court agrees that the order was issued too soon, though not for the reason Plaintiff provides.

The objection period runs from service, not from receipt. 28 U.S.C. § 636(b)(1); L.R. 304(b). The Findings and Recommendations were served by mail on June 18, 2026, so the fourteen-day period expired July 2, 2026, and the three additional days afforded by Rule 6(d) extended it to Monday, July 6, 2026. The Court then issued its order on July 7, 2026. (Doc. 61.) Plaintiff's proposed deadline of July 17 or 19 has no basis.

The Court acknowledges that the Findings and Recommendations stated that "[n]inety days have elapsed" following the March 19, 2026 order, although the Findings and Recommendations were issued on the ninetieth day. (Doc. 60 at 2.) Any imprecision on that point is harmless. Plaintiff has now had more than five additional months, and the submissions he offers in support of this motion confirm that he remains unable to supply the information Rule 4(m) requires.

### B. Plaintiff's Exhibits Do Not Supply Information Sufficient to Effect Service

Rule 4(m) requires dismissal where a defendant is not timely served, absent good cause. A prisoner proceeding in forma pauperis may rely on the USM to effect service, but only "[s]o long

as the prisoner has furnished the information necessary to identify the defendant." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Where a plaintiff fails to provide accurate and sufficient information, dismissal of the unserved defendant is appropriate. *Id.* at 1421-22.

Plaintiff's exhibits do not change that calculus. The name "St. Clair" was not new: the Court's November 5, 2025 Order to Show Cause was captioned as to "Sinclair or St. Clair," and the USM had already attempted personal service on a "Dr. Jack St. Clair" in September 2025 without success. (Docs. 28, 29.) What Exhibit 5 adds is confirmation that a Jack St. Clair provided medical services at SCC at some point between January 1, 2021 and December 31, 2023, which is a period that ended more than two years ago. (Doc. 62, Ex. 5 at 1.) It supplies no current address, no last known address, and no current employer. (*Id.*) Plaintiff's own May 21, 2026 letters confirm as much: as of that date he was still asking third parties to locate an address on his behalf. An address, not a surname, is what the USM lacks. (Doc. 62, Ex. 6.) Accordingly, there are no "new or different facts or circumstances" exist that can provide a basis for the Court to reconsider the prior ruling and, more importantly, effectuate service. *See* Local Rule 230(j).

To the extent Plaintiff proceeds under Rule 60(b)(1), Plaintiff is also unable to seek relief for excusable neglect. Plaintiff received the CCHCS response on or about May 11, 2026, more than five weeks before the Findings and Recommendations issued and filed nothing with the Court. He instead asked CCHCS and SCC to communicate with the Clerk directly. That is not a substitute for a filing, and the Court's orders directed Plaintiff, not third parties, to provide the required information. (*See* Doc. 51.) Nor has Plaintiff shown "extraordinary circumstances" under Rule 60(b)(6). The Court is mindful that Plaintiff was diligent in corresponding with SCC, CCHCS, and the litigation coordinator, but diligence does not substitute for the information Rule 4(m) requires, and Plaintiff was afforded more than seven months and two extensions in which to supply it.

**C. Plaintiff Has Not Shown Excusable Neglect or Extraordinary Circumstances**

To the extent Plaintiff proceeds under Rule 60(b)(1), relief for excusable neglect turns on the equitable factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), including the reason for the delay and whether it was within the movant's reasonable control. Plaintiff received the CCHCS response on or about May 11, 2026,

more than five weeks before the Findings and Recommendations were issued and filed nothing with the Court. He instead asked CCHCS and SCC to communicate with the clerk directly. That is not a substitute for a filing, and the Court's orders directed Plaintiff, not third parties, to provide the required information. Plaintiff's actions here do not support a finding of excusable neglect to warrant reconsideration.

Nor has Plaintiff shown the "extraordinary circumstances" required under Rule 60(b)(6). *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). The Court is mindful that Plaintiff was diligent in corresponding with SCC, CCHCS and the litigation coordinator, and that his mail was held was outside his control. But diligence does not substitute for the information Rule 4(m) requires, and Plaintiff had more than seven months and two extensions in which to supply it.

**D. A Further Extension Would Be Futile**

A district court has discretion to extend the service period even absent good cause, weighing among other things the length of the delay and the prejudice to the parties. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Court has considered that discretion and declines to exercise it. Two prior extensions produced no address. CDCR reported it could not identify this defendant, and the USM's attempt at a located address was unsuccessful. Nothing before the Court suggests that a third extension would yield a different result. The dismissal is without prejudice, and Plaintiff's claims against the remaining defendants are unaffected.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court ORDERS that Plaintiff's motion for reconsideration (Doc. 62) is **DENIED**.

IT IS SO ORDERED.

Dated: October 13, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE